UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIYOUM TESFAY,<br><br>    Plaintiff,<br> v.<br><br>UNITED FINANCIAL CASUALTY COMPANY,<br><br>    Defendant. | CASE NO. 2:22-cv-01687-TL<br><br>ORDER GRANTING MOTION TO REMAND |

  This matter comes before the Court on Plaintiff Siyoum Tesfay's Motion to Remand. Dkt. No. 10. Having reviewed the Motion, the Response (Dkt. No. 11), the Reply (Dkt. No. 15), and all supporting materials, the Court GRANTS the Motion and REMANDS this action to King County Superior Court.

          I.  BACKGROUND

  Mr. Tesfay filed suit in King County Superior Court against Defendant United Financial Casualty Company, seeking benefits under an underinsured motorist ("UIM") insurance policy he purchased from United. Dkt. No. 1-2 (complaint). The policy contains limits of $100,000 for

bodily injury and $50,000 for property damage. Dkt. No. 10 at 14). Mr. Tesfay claims that he sustained "significant injuries and damages" after an uninsured motorist struck the passenger side of his vehicle. Dkt. No. 1-2 ¶¶ 3.5–3.6. Mr. Tesfay seeks to recover medical expenses, noneconomic damages, lost wages, property damages, and attorney's fees and costs, though his complaint does not identify specific amounts. *Id.* at 4. Through a demand letter, Mr. Tesfay asked United to settle his claim for $70,000. Dkt. No. 10 at 2; *id.* at 17–31. No other evidence has been submitted as to the value of Mr. Tesfay's claim.

## II.   ANALYSIS

### A.   Legal Standard

A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* Any doubts as to the right of removal must be resolved in favor of remanding to state court. *See Durham*, 445 F.3d at 1252.

### B.   Improper Removal

United has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. As Mr. Tesfay points out, the complaint does not specify the

amount in controversy, and he has only demanded $70,000 to settle this action. United offers no evidence that the amount in controversy exceeds $75,000, pointing instead to the fact that the policy limits for bodily injury are $100,000. But the mere fact that the policy limits exceed the $75,000 threshold for diversity jurisdiction does not show what the amount in controversy in this action actually is. Nor is the Court convinced by United's argument that Mr. Tesfay's refusal to stipulate that the amount in controversy does not exceed $75,000 has any bearing on the propriety of the removal. United bears the burden of proving that it was proper to remove this action at the time of removal and to provide competent evidence of this fact. *See Chavez*, 888 F.3d at 416. Mr. Tesfay's refusal to accept the stipulation is not evidence that the amount in controversy actually exceeds $75,000. And the Court resolves any doubts as to the amount in controversy in Mr. Tesfay's favor. *See Durham*, 445 F.3d at 1252. The Court finds that United has failed to show that this action was properly removed. The Court GRANTS the Motion and REMANDS this action to King County Superior Court.

C. **Costs and Fees**

Mr. Tesfay asks the Court to award him attorney's fees and costs in filing the motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The court may make such an award "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court finds that United lacked an objectively reasonable basis to seek removal. United had no evidence that this action involves amounts exceeding $75,000. It had only been provided a demand to settle the action for only $70,000 and has failed to identify any evidence that the amount in dispute exceeds $75,000. And United's belief that the policy limits informed the amount in controversy lacks an objectively reasonable basis in fact. Merely because a policy

ORDER GRANTING MOTION TO REMAND - 3

might allow for recovery over $75,000 does not mean that the amount in dispute actually meets or comes near that limit. Based on the record before it, United lacked any reasonable basis to remove. The Court therefore finds that costs and attorney's fees should be awarded.

In order to determine the proper amount of attorney's fees and costs, the Court ORDERS Mr. Tesfay to file a request for costs and fees within 14 days of entry of this Order. The request must include evidentiary support for any costs incurred, the hourly rate claimed, and the reasonable hours expended in obtaining remand. No response shall be filed.

### III. CONCLUSION

United has failed to demonstrate that its decision to remove this action was proper. There is inadequate evidence that the Court has diversity jurisdiction over this action because the amount in controversy does not appear to exceed $75,000. The Court therefore GRANTS the Motion to Remand and REMANDS this action to King County Superior Court.

The Court also finds that fees and costs SHALL be awarded because United lacked an objectively reasonable basis to remove this action. The Court will determine the precise award once Mr. Tesfay files his request for costs and fees, which shall be due within **fourteen (14) days** of entry of this Order.

Dated this 17th day of March 2023.

Tana Lin
United States District Judge